WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SHARIF DEVON MCPHATTER, | ) | No. CV 11-8147-PCT-RCB (JRI) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CHARLES RYAN, et al., | ) | |
| Defendants. | ) | |

On September 20, 2011, Plaintiff Sharif Devon McPhatter, who was then confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the $350.00 filing fee.[1] (Doc. 1.) The same day, a "Notice of Assignment" was sent to Plaintiff at his address of record, i.e., the Cerbat Unit, that informed Plaintiff of his obligation to promptly notify the Court of any change of address and the copy of the Notice of Assignment mailed to Plaintiff has not been returned as undeliverable. (Doc. 2.) According to information available on ADC's website, Plaintiff was released a few days after filing his Complaint.[2] Plaintiff has not filed a notice of change of address. Rule 83.3(d) of the Local Rules of Civil Procedure requires a plaintiff to file a

---

[1]  The Arizona State Prison is operated by Management and Training Corporation (MTC) for the Arizona Department of Corrections (ADC).

[2] See http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?Inmate Number=245467&LastName=MCPHATTER&FNMI=S&SearchType=SearchInet (last visited Oct. 27, 2011).

notice of change of address 10 days before a move is effective.  Further, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal.  The Court will grant Plaintiff 30 days in which to file a notice of change of address.  The Court will also dismiss the Complaint for failure to state a claim with leave to amend within 30 days.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners[3] seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

---

[3]  Because Plaintiff was a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) when he filed this action, his Complaint is subject to screening by the Court.

1  allegations may be consistent with a constitutional claim, a court must assess whether there
2  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

3      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
4  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
5  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
6  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
7  94 (2007) (*per curiam*)).

8      If the Court determines that a pleading could be cured by the allegation of other facts,
9  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
10 action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
11 should not, however, advise the litigant how to cure the defects.  This type of advice "would
12 undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,
13 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
14 required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint
15 for failure to state a claim, but because the Complaint may possibly be saved by amendment,
16 will dismiss the Complaint with leave to amend.

17 **II.    Complaint**

18     Plaintiff alleges two counts for threat to safety.  Plaintiff sues the Director of ADC,
19 Charles L. Ryan, and Deputy Warden Polland.  Plaintiff seeks injunctive, compensatory, and
20 punitive relief.

21     Plaintiff alleges the following facts in his Complaint: On May 31, 2010, Plaintiff was
22 one of 25 African-American inmates in the North Yard of the Cerbat Unit in front of Dorm
23 1, who were attacked with sticks, stones, fists, feet, and padlocks in socks by more than 100
24 White inmates.  While the attack was ongoing, Deputy Warden Polland ordered four prison
25 officers in riot gear with hand-held weapons to stand down.  Plaintiff suffered physical and
26 mental injuries.

27     In a July 2, 2010 letter to Shelby Muhammad, the mother of one of the 25 African
28 American inmates, Complex Administrator Darla Elliott denied Muhammad's request for a

1   full report on the incident.  Elliott maintained that prison staff had acted appropriately.

2   **III.    Failure to State a Claim**

3          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

4   conduct about which he complains was committed by a person acting under the color of state

5   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

6   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  A "'plaintiff generally must assert his own

7   legal rights and interests, and cannot assert the legal rights or interests of third parties.'"

8   Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting

9   Warth v. Seldin, 422 U.S. 490, 499 (1975)).  In addition, to state a valid constitutional claim,

10  a plaintiff must allege that he suffered a specific injury as a result of the conduct of a

11  particular defendant and he must allege an affirmative link between the injury and the

12  conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

13         Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply

14  conclusions, that show that an individual was personally involved in the deprivation of his

15  civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

16  to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

17  a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188

18  (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a

19  defendant's position as the supervisor of someone who allegedly violated a plaintiff's

20  constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

21  691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

22  individual capacity, "is only liable for constitutional violations of his subordinates if the

23  supervisor participated in or directed the violations, or knew of the violations and failed to

24  act to prevent them."  Taylor, 880 F.2d at 1045.  In addition, where a defendant's only

25  involvement in allegedly unconstitutional conduct is the denial of administrative grievances,

26  the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior

27  does not amount to active unconstitutional behavior for purposes of § 1983.  Shehee v.

28  Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW,

1   2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); <u>Stocker v. Warden</u>, No.

2   1:07-CV-00589LJODLBP, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

3        **A.     Ryan**

4        In Count I, Plaintiff contends that Ryan is responsible for the administrative

5   application of policies by MTC and is responsible for the failure assure the health and safety

6   of inmates. That is, Plaintiff asserts that Ryan is liable based on *respondeat superior*. As

7   discussed above, that is not a basis for liability under § 1983. Accordingly, Plaintiff fails to

8   state a claim against Ryan and he will be dismissed.

9        **B.     Threat to Safety**

10       Plaintiff designates both counts as claims for threats to safety or failure to protect. To

11  state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege

12  facts to support that he was incarcerated under conditions posing a substantial risk of harm

13  and that prison officials were "deliberately indifferent" to those risks. <u>Farmer v. Brennan</u>,

14  511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must

15  allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate

16  safety. <u>Id.</u> at 837. That is, "the official must both [have been] aware of facts from which the

17  inference could be drawn that a substantial risk of serious harm exist[ed], and he must also

18  [have] draw[n] the inference." <u>Id.</u>

19       In Count I, Plaintiff alleges that Deputy Warden Polland ordered four armed officers

20  to stand down while the African American inmates were still being attacked by other

21  inmates. Plaintiff does not allege that he heard or saw Polland give the order. He also does

22  not allege facts to support that when Polland gave the order he knew that doing so would

23  pose an excessive risk to inmate safety. Moreover, Plaintiff does not allege facts to support

24  that Polland's actions rose to deliberate indifference in light of other surrounding

25  circumstances, for example, to confront a more serious confrontation in another part of the

26  yard. For these reasons, Plaintiff fails to adequately state a claim against Polland in

27  Count I.

28       In Count II, Plaintiff merely alleges that another inmate's mother received a letter

- 5 -

1  from a prison administrator refusing to provide a full report of the incident.  Plaintiff alleges

2  no facts against either of the Defendants.  Further, Plaintiff's allegations concern a third

3  party, another inmate's mother, rather than Plaintiff.  Finally, the refusal to provide a report

4  of an incident does not rise to the level of a constitutional violation for threat to safety.

5  Accordingly, this Count II also fails to state a claim and will be dismissed.

6  **IV.    Leave to Amend**

7           For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

8  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

9  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

10  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

11  to use the court-approved form, the Court may strike the amended complaint and dismiss this

12  action without further notice to Plaintiff.

13           Plaintiff must clearly designate on the face of the document that it is the "First

14  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

15  entirety on the court-approved form and may not incorporate any part of the original

16  Complaint by reference.  Plaintiff may include only one claim per count.

17           A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

18  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

19  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

20  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

21  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

22  565, 567 (9th Cir. 1987).

23  **V.    Warnings**

24           **A.    Address Changes**

25           Plaintiff must file and serve a notice of a change of address in accordance with Rule

26  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

27  relief with a notice of change of address.  Failure to comply may result in dismissal of this

28  action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff must file a Notice of Change of Address within **30 days**.

(2)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 31st day of October, 2011.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name: _____
Address:_____
   Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)                                )
                                      Plaintiff,         )
                                                         )
                           vs.                           )   **CASE NO.** _____
                                                         )        (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)                                 )
(2) _____ ,   )
                                                         )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                                                         )
(4) _____ ,   )   ☐ Original Complaint
                           Defendant(s).                 )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                         (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                         (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                         (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
     ☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
          at your institution?                                                  ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?        ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
          you did not. _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
DATE                                                                   SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.