**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharif Devon McPhatter, | No. CV 11-8147-PCT-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

On September 20, 2011, Plaintiff Sharif Devon McPhatter, who was then confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the $350.00 filing fee.[1] (Doc. 1.) Plaintiff has filed a notice of change of address reflecting that he has been released from incarceration. The Court dismissed the Complaint for failure to state a claim with leave to amend. (Doc. 3.) Plaintiff has filed a First Amended Complaint. (Doc. 6.) The Court will order Defendant Pollard to answer the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

/ / /
/ / /

---

[1] The Arizona State Prison is operated by Management and Training Corporation (MTC) for the Arizona Department of Corrections (ADC).

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners[2] seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

---

[2] Because Plaintiff was a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA) when he filed this action, his First Amended Complaint is subject to screening by the Court.

1 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*))

## II.     First Amended Complaint

Plaintiff alleges two claims for failure to train and threat to safety. Plaintiff sues State of Arizona; ADC Director Charles L. Ryan and his wife, Jane Doe Ryan; Deputy Warden Pollard; and various Doe Defendants. Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts in his First Amended Complaint: On May 31, 2010, Plaintiff was one of 25 African-American inmates in the North Yard of the Cerbat Unit outside of Dorm 1. Plaintiff and the other African-American inmates were attacked by approximately 100 Caucasian inmates using fists, stones, sticks, and other weapons. After the attack began, an unspecified number of ADC officers in full riot gear appeared. Despite the ongoing attack, these officers did not attempt to intervene until much later. Plaintiff was subsequently informed by prison officers that the officers had been ordered to stand down by Deputy Warden Pollard and not to intervene. He was also told that officers were ordered not to intervene to avoid putting officers at risk. Plaintiff was severely beaten resulting in injuries to his head and back.[3] Plaintiff's request for a copy of ADC's report of the incident, which was denied. Plaintiff contends that "Defendants" failed to intervene promptly to stop the attack based on Plaintiff's race.

## III.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting

---

[3] Plaintiff also suffered emotional harm including post-traumatic stress for which he sought psychiatric treatment.

1 Warth v. Seldin, 422 U.S. 490, 499 (1975)).  In addition, to state a valid constitutional claim, 2 a plaintiff must allege that he suffered a specific injury as a result of the conduct of a 3 particular defendant and he must allege an affirmative link between the injury and the 4 conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

5     **A.**    **State of Arizona**

6 Plaintiff names the State of Arizona as a Defendant.  Under the Eleventh Amendment 7 to the Constitution of the United States, neither a state nor a state agency may be sued in 8 federal court without its consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); 9 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Arizona has not manifested the intention 10 to waive its sovereign immunity under the Eleventh Amendment from suit in federal court.  11 Accordingly, the State of Arizona will be dismissed from this action.

12     **B.**    **Doe Defendants**

13 Plaintiff sues various Doe Defendants.  Rule 10(a) of the Federal Rules of Civil 14 Procedure requires a plaintiff to include the names of the parties in the action.  As a practical 15 matter, it is impossible in most instances for the United States Marshal or his designee to 16 serve a summons and complaint or amended complaint upon an anonymous defendant.

17 The Ninth Circuit has held that where identity is unknown prior to the filing of a 18 complaint, the plaintiff should be given an opportunity through discovery to identify the 19 unknown defendants, unless it is clear that discovery would not uncover the identities, or that 20 the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 21 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  22 Further, where the names of individual defendants are unknown at the time a complaint is 23 filed, a plaintiff may refer to the individual unknown defendants as Defendant John Doe 1, 24 John Doe 2, and so on, *and* allege facts to support how each particular Doe defendant 25 violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery 26 process to obtain the names of fictitiously-named defendants whom he believes violated his 27 constitutional rights and seek leave to amend to name those defendants.

28 / / /

**C.     Ryan**

Plaintiff also sues Director Ryan. Although Ryan may properly be sued, Plaintiff fails to state a claim against him.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

Plaintiff generally alleges that Ryan had supervisory responsibility over prison subordinates; that Ryan was deliberately indifferent to training subordinates in constitutional policies, procedures, and protocols for responding to riots and obvious threats; and that Ryan tolerated or condoned indifference to threats of physical harm to inmates and permitted *de facto* unconstitutional policies in violation of equal protection and other constitutional rights. These allegations are vague and conclusory. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations

1  will not support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673
2  F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may
3  not supply essential elements of the claim that were not initially pled. <u>Id.</u> Because Plaintiff's
4  allegations against Ryan are vague and conclusory, he fails to state a claim against Ryan and
5  he will be dismissed.

**IV.    Claims for Which an Answer Will be Required**

Plaintiff alleges that Defendant Pollard prevented prison officers in riot gear from intervening to stop attacks by a large number of Caucasian inmates against a much smaller number of African American inmates during which Plaintiff was beaten and injured. Plaintiff also alleges that Pollard ordered officers in riot gear not to intervene in the race riot based on the race of the African American inmates, including Plaintiff. Plaintiff sufficiently states a claim for failure to protect and violation of equal protection against Pollard and he will be required to respond to these allegations.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants State of Arizona, Ryan, Jane Doe Ryan, and the Doe Defendants are **dismissed** without prejudice.

(2) Defendant Pollard must answer Plaintiff's claims for failure to protect and violation of equal protection.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 6), this Order, and both summons and request for waiver forms for Defendant Pollard.

(4) Plaintiff must complete[4] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

---

[4] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1    (11) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3 under 28 U.S.C. § 636(b)(1).

DATED this 21st day of February, 2012.

_____
Robert C. Broomfield
Senior United States District Judge