**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sharif Devon McPhatter,<br><br>             Plaintiff,<br><br>  vs.<br><br>Charles L. Ryan, *et al.*,<br><br>             Defendants. | CV-11-8147-PCT-RCB(JFM)<br><br>O R D E R |

    Pending before the court is a motion styled as one to "reconsider" filed by plaintiff *pro se* Sharif Devon McPhatter, seeking to have this court "reopen this case[.]" Mot. (Doc. 14) at 1:6 and 15.  More specifically, plaintiff is seeking to have this court vacate the order dismissing this action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and the judgment entered thereon.  Because this motion was not timely filed, as discussed herein, the court denies plaintiff's motion.

. . .

### ***Background***

On September 20, 2011, plaintiff McPhatter, who was then confined in the Arizona State Prison, Cerbat Unit, in Kingman, Arizona, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Co. (Doc. 1).  The court dismissed that complaint for failure to state a claim, but allowed plaintiff to amend his complaint.  Thereafter, plaintiff was released and he timely filed a FAC (Doc. 6).

The FAC asserts a claim for failure to train as against the Arizona Department of Corrections ("ADC") and ADC Director Charles L. Ryan, and a second claim alleging various constitutional violations against all defendants, *i.e.*, the State of Arizona; Mr. Ryan and his wife, Jane Doe Ryan; Deputy Warden Pollard; and various Doe Defendants.

Plaintiff's FAC alleges the following facts: On May 31, 2010, he was one of 25 African-American inmates in the North Yard of the Cerbat Unit outside of Dorm 1. Plaintiff and the other African-American inmates were attacked by approximately 100 Caucasian inmates using fists, stones, sticks, and other weapons. After the attack began, an unspecified number of ADC officers in full riot gear appeared. Despite the ongoing attack, these officers did not attempt to intervene until much later.

The FAC further alleges:  Subsequently, plaintiff was informed by prison officers that Deputy Warden Pollard had ordered the officers to stand down and not to intervene. Plaintiff also was told that to avoid putting themselves at risk, the officers were ordered not to intervene. Plaintiff

was severely beaten resulting in head and back injuries, and emotional harm, including post-traumatic stress, for which he sought psychiatric treatment.  Plaintiff's request for a copy of the ADC's incident report was denied. Plaintiff contends that based upon his race, defendants failed to intervene promptly to stop the attack.

After screening the FAC, on February 21, 2012, this court dismissed without prejudice the claims against the State of Arizona, Ryan, Jane Doe Ryan and the Doe Defendants.  Ord. (Doc. 8) at 7:9-10, ¶ (1).  However, finding that "[p]laintiff sufficiently state[d] a claim for failure to protect and violation of equal protection against [Deputy Warden] Pollard[,]" the court required Pollard to answer those claims. Id. at 6:11-13.  The court required Pollard to answer based upon the following allegations:

> Plaintiff alleges that Defendant Pollard prevented prison officers in riot gear from intervening to stop attacks by a large number of Caucasian inmates against a much smaller number of African American inmates during which Plaintiff was beaten and injured.  Plaintiff also alleges that Pollard ordered officers in riot gear not to intervene in the race riot based on the race of the African American inmates, including Plaintiff.

Id. at 6:7-11.  Among other things, that order required plaintiff to "complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order."  Id. at 7:16-17, ¶ (4) (footnote omitted).

On March 19, 2012, because the plaintiff did not comply with that order by completing and returning defendant Pollard's service packet, United States Magistrate Judge James

F. Metcalf ordered "that within fourteen days of the filing of this Order, Plaintiff shall either: (1) return completed service packets as previously ordered; or (2) show cause why this case should not be dismissed for failure to prosecute." Ord. (Doc. 9) at 1:15-17.  When plaintiff did not so comply, on April 11, 2012, this court ordered, *inter alia*, dismissal of the complaint and action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  Ord. (Doc. 12) at 1:19-21.  Also on April 11, 2012, a final judgment was entered in defendants' favor and against plaintiff (Doc. 13).  More than four months later, on August 16, 2012, plaintiff sought to "reopen this case[.]"  Mot. (Doc. 14) at 1:15.  Plaintiff claims "great injustice" as a result of the dismissal and entry of judgment against him for failure to prosecute.  Id. at 1:20.

Defendant Ryan's response readily can be construed as arguing, in the first instance, that plaintiff's motion is not timely.  Even if timely, the defendant further argues that plaintiff McPhatter is not entitled to relief from judgment under Rule 60(b)(1) because he has not shown excusable neglect within the meaning of that Rule.

### *Discussion*

### *I.  Nature of Motion*

Plaintiff does not specify the Rule under which he is seeking to have this court "reopen" and "reconsider" this case.  See Mot. (Doc. 14) at 1:15; and 1:6.  Nevertheless, defendant Ryan construes it as one for relief from final judgment pursuant to Fed.R.Civ.P. 60(b)(1).  So, too, will this court.  Despite its nomenclature, this court will treat

-4-

plaintiff's motion as a Rule 60(b) motion because it was not filed within 28 days of entry of judgment, as Rule 59(e), permitting altering or amending of judgments, requires. See Harvest v. Castro, 531 F.3d 737, 745 (9th Cir. 2008) (treating "Application to Amend Order Nunc Pro Tunc" as a Rule 60(b) motion) (citing, *inter alia*, Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("a motion for reconsideration . . . is treated as a Rule 60(b) motion" if it is filed more than ten days after entry of judgment)).

For nearly identical reasons, the court also will not treat plaintiff's motion as one for reconsideration under LRCiv 7.2(g). Assuming *arguendo* that Rule applies to final judgments, plaintiff's motion was not timely thereunder because that Local Rule requires that the same be filed "no later than . . . 14 . . . days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). Here, the order and judgment were entered on April 11, 2012. Therefore, plaintiff's motion, filed on August 16, 2012, also would not have been timely under that Local Rule.

Rule 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Plaintiff's stated basis for this motion is "Due to failure to supply summons [he] thought was attached to the [FAC] that was prepared for [him]." Mot. (Doc. 14) at 17-18. Plaintiff adds that "[a]fter realizing [the summons] wasn't present, the

court [had] already dismissed the case." Id. at 1:17-19. Defendant Ryan strongly implies that that failure was due to plaintiff's "ignorance or carelessness[,]" which are not among the listed bases for relief under Rule 60(b)(1).  Resp. (Doc. 15) at 1:26-2:1 (citations omitted).

Regardless, the parties are misconceiving the basis for dismissal. This dismissal for failure to prosecute under Rule 41(b) was predicated upon plaintiff's failure to timely complete and return to the Clerk's Office Deputy Warden Pollard's service packet.  Nothing in the record shows, as plaintiff suggests, that this action was dismissed because he returned an incomplete service packet, *i.e.*, the FAC without the summons.  Therefore, the focus here is not on the purportedly missing summons.  Instead, the issue is whether plaintiff is entitled to have the judgment vacated, despite the fact that he did not timely complete and return Pollard's service packet in accordance with this court's orders, and even though he filed this motion more than four months after entry of the judgment.

## *II.  Timeliness*

Before turning to the merits, it is necessary to address the timeliness of plaintiff's motion.  A Rule 60(b)(1) motion "must be made within a reasonable time," and in any event "no more than a year after entry of the judgment or order[.]" Fed.R.Civ.P. 60(c)(1).  Plaintiff McPhatter filed the pending motion less than one year after entry of judgment, but more than four months after entry of the judgment and more than three months after the filing date for a notice of appeal.

Although plaintiff was within the Rule 60(c)(1)'s outside limitation for filing this motion, that is not dispositive of the timeliness issue.  "[A] court may deny a Rule 60(b)(1) motion, even if it was filed within the one-year period, if the moving party 'was guilty of laches or unreasonable delay.'"  Hidais v. Porter, 2010 WL 760561, at *1 (N.D.Cal. March 4, 2010) (quoting Meadows v. Dominican Republic, 817 F.2d 517, 520–21 (9th Cir. 1987)).  "'What constitutes 'reasonable time' within the meaning of Rule 60(c)(1), depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'"  Lemoge v. U.S., 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).  The court will address the Ashford factors seriatim.

### A. Interest in Finality

A Rule 60(b)(1) "motion guides the balance between 'the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments.'"  In re Williams, 287 B.R. 787, 793 (9th Cir. BAP 2002) (quoting TCI Group Life Ins. v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001)).  Although Rule 60(b) motions "are liberally construed, 'there is a compelling interest in the finality of judgments which should not lightly be disregarded.'"  Id. (quoting Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985)).  Accordingly, the Ninth Circuit has determined that where "the

1  time for filing an appeal to the underlying judgment has
2  expired, the interest in the finality of judgments is to be
3  given *great weight* in determining whether a FRCP 60(b)(1)
4  motion is filed within a 'reasonable time.'" Id. (citing
5  Ashford, 657 F.2d at 1055) (emphasis added).
6        In the present case, the order of dismissal and judgment
7  were entered on April 11, 2012.  Docs. 12 and 13.  As the
8  docket sheet reflects, the order together with the judgment
9  were mailed to plaintiff on that same date.  Presumably he
10 received both, because he is not claiming lack of notice of
11 the order or judgment as a basis for this motion. And further,
12 those documents were not returned as undeliverable, as
13 happened earlier in this case when a court order was returned
14 as undeliverable because plaintiff had been released from
15 custody and had not, at that time, given notice of his change
16 of address.  See Doc. 5.
17       Federal Rule of Appellate Procedure 4(a)(1)(A) provides
18 that in a case such as this, the notice of appeal "must be
19 filed within 30 days after entry of the judgment or order
20 appealed from."  Fed. R.App. P. 4(a)(1)(A).  Plaintiff
21 McPhatter did not file a notice of appeal, timely or
22 otherwise, in accordance with that Rule.  Nor did he file a
23 motion to alter or amend the judgment pursuant to Rule 59,
24 which would have extended his time for filing a notice of
25 appeal.  See Fed. R.App. P.4(a)(4)(A)(iv).  Instead, he
26 waited more than four months (127 days to be precise) after
27 entry of the judgment, and more than three months after the
28 time to appeal had expired, to file the pending motion to

vacate.  Accordingly, in assessing the timeliness of this motion, the court, as it must, gives "great weight" to the interest in finality of this judgment.  See Williams, 287 B.R. at 793 (same, where creditor did not timely file a notice of appeal or "immediately move for reconsideration and effectively stay[] the appeal period[,]" but instead waited 85 days before filing a Rule 60(b)(1) motion); see also Coronado v. Chavez, 2010 WL 892192, at * 2 (D.Ariz. March 10, 2010) (citing Ashford, 657 F.2d at 1055) ("[S]ince the plaintiff filed his pending motion long [almost ten months after entry of the judgment] after the time for appealing the judgment had passed, the Court must give 'great weight' to the interest in finality.")[1]  Indeed, the Ninth Circuit has "agree[d]" that a Rule 60(b) motion "was not timely because it was filed after the expiration of the time to appeal[,]" where the plaintiff filed his motion within a much shorter time frame than plaintiff McPhatter.  See Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 n. 2 (9th Cir. 1982) (plaintiff filed his Rule 60(b) motion only "48 days after entry of the order and 18 days after the expiration of the time for appeal of that order[]").

---

[1] The court stresses that it is not holding that a Rule 60(b)(1) motion must always be filed prior to the time allowed for filing a notice of appeal or a Rule 59 motion.  "Rule 60(c)(1) clearly contemplates Rule 60(b)(1) motions may be filed 'no more than a year after the entry of the judgment or order or the date of the proceeding.'" Woodfin Suite Hotels, LLC v. City of Emeryville, 2008 WL 724105, at *11 n. 20 (N.D.Cal. March 14, 2008) (quoting Fed.R.Civ.P. 60(c)(1)).  "And, *Ashford* clearly holds the determination of whether a Rule 60(b)(1) motion is filed within a reasonable time, is dependent on facts and circumstances." Id. (citing Ashford, 657 F.2d at 1053).

The interest in finality is bolstered in this case because the Rule 41(b) dismissal order did not state that it was without prejudice.  Consequently, it "operates as an adjudication on the merits."[2]  Fed.R.Civ.P. 41(b).  As such, it is distinguishable from a party seeking to set aside a default judgment, where the Ninth Circuit has emphasized that "where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute[]" does not come into play in this case.  See Knoebber, 244 F.3d at 696 (emphasis in original).  For both of these reasons, the court has little difficulty finding that the first Ashford factor -- interest in finality of judgments -- weighs against finding that this motion was brought within a "reasonable time."

### B. *Reason for Delay*

As in Ashford, plaintiff McPhatter offers no reason whatsoever for his "failure to timely challenge the [order of dismissal and judgment thereon] by direct appeal or 60(b) motion[,]" and the court declines to speculate.  See Ashford, 657 F.2d at 1055.  Consequently, the reason for delay factor also militates against a finding that this motion was filed within a "reasonable time."  See Regan v. Frank, 2008 WL 508067, at *4 (D.Hawai'i Feb. 26, 2008), aff'd without pub'd

---

[2]   There are certain exceptions to a Rule 41(b) dismissal "operat[ing] as an adjudication on the merits[,]" but none applies here.  See Fed.R.Civ.P.41(b).

opinion on other grounds, 334 Fed.Appx. 848 (9th Cir. 2009) (denying plaintiff's Rule 60(b)(1) and (6) motion as untimely where he waited over four months to file it, and "provided no reasonable justification for []his continued delay[]").

### C. The Practical Ability of the Litigant to Learn Earlier of the Grounds Relied Upon

In his motion, plaintiff states, as earlier mentioned, that "[a]fter [he] realiz[ed] [the summons] wasn't present, the court had already dismissed the case." Mot. (Doc. 14) at 1:18-19. This is not responsive to when plaintiff learned that the court had dismissed this action and entered judgment against him for failure to prosecute, however. Further, plaintiff is not claiming that anything "impeded [his] awareness of the court's ruling and all of the relevant facts and law." See Ashford, 657 F.2d at 1055. Thus, again, this factor points to a finding that plaintiff McPhatter did not file his motion within a "reasonable time[,]" as Rule 60(c)(1) requires. See Fed.R.Civ.P. 60(c)(1).

### D. Prejudice to Other Parties

In an action such as this, brought pursuant to 42 U.S.C. § 1983, "federal courts apply the statute of limitations governing personal injury claims in the forum state." Cuen v. Granville, 2012 WL 6674420, at *6 (D.Ariz. Dec. 20, 2012) (citing Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). "In Arizona, the limitations period for personal injury claims is two years." Id. (citing, *inter*

*alia*, Ariz.Rev.Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues). Given that the incident at issue took place on May 31, 2010 -- "well over two years ago" -- defendant Ryan argues that that two year statute of limitations has "expired" as to plaintiff's claims.  Resp. (Doc. 15) at 3:5 (citing TwoRivers, 174 F.3d at 991). Additionally, defendant Ryan asserts that during that time frame, "[t]here is no indication . . . that [plaintiff] has sought to serve Defendant Pollard or that [he] ever received notice of this action."  Id. at 3:7-8.  Even though defendant's response does not explicitly mention prejudice, that is the obvious implication of this statute of limitations argument.

    Under the particular circumstances of this case, the court agrees that prejudice would arise if the court were to vacate the judgment.  That is because "[s]tatutes of limitation have as one purpose allowing a defendant relief from being forced to litigate stale claims." Sayago v. Jiminez, 2011 WL 5914279, at *5 (D.Or. Nov. 3, 2011), adopted by Sayago v. Jiminez, 2011 WL 5914266 (D.Or. Nov. 23, 2011).  "Setting aside a judgment dismissing a claim that is past the statute of limitations for failure to prosecute the claim takes this protection from the defendant. This can be prejudice to the defendant."  Id.; accord Murray v. Walgreen Co., 2011 WL 4089588, at *2 (D.N.J. Aug. 24, 2011) ("[i]n light of the Supreme Court's directive [in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S.

618, 630, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007) (internal quotations and citations omitted), *superseded by statute on other grounds* in 42 U.S.C. § 2000e-5(e)] to heed the policy determinations implicit in statutes of limitations," finding "as a result, . . . that Defendant would suffer prejudice by being forced to defend stale claims") , aff'd without pub'd opinion, 470 Fed. Appx. 97 (3rd Cir. 2012).

   Plaintiff McPhatter has never claimed that he was unaware of any of the court's orders, directing him to timely complete and return defendant Pollard's service packet. Similarly, he has never claimed that he was unaware of the order of dismissal and entry of judgment against him. Indeed, he must have been aware of it at some point, as he filed this motion to vacate. Thus, "[a]ny loss of [his] ability to vindicate [his] claims is thus due to [his] failure to proceed in a timely manner[,]" and his failure to comply with this court's orders. See Sayago, 2011 5914279, at *5. Therefore, "a presumption of prejudice arises where, as here, the party seeking relief has not explained [its] failure to prosecute." Id. (citing Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002)).[3] "Plaintiff still has not offered an explanation regarding [his] delay in prosecution[;]" nor, as just discussed has he offered any

---

[3] The court is fully aware that in Sayago, Laurino and Murray, the prejudice discussion was in the context of the four factors which inform the excusable neglect analysis, as opposed to determining the timeliness of a Rule 60(b)(1) motion in the first place. That distinction does not render those cases any less instructive, however, on the issue of prejudice herein.

explanation for his delay in filing the present motion. See id. Based upon the foregoing, the court finds that the prejudice factor also weighs in favor of a finding that plaintiff's motion is untimely.

In sum, based upon the totality of the circumstances, as gleaned from plaintiff's motion, defendant Ryan's response, and the entire record, and after applying the Ashford factors, the court finds that plaintiff's motion to vacate was not made within a "reasonable time," as Rule 60(c)(1) requires, and so denies it.[4]

### *Conclusion*

For the above discussed reasons, the court hereby **ORDERS** that Plaintiff's "Motion to Reconsider" (Doc. 14) is **DENIED**.

DATED this 4th day of February, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

---

[4] Having found that plaintiff's motion is untimely, the court need not address defendant Ryan's motion that plaintiff failed to establish excusable neglect under Rule 60(b)(1). Cf. Williams, 287 B.R. at 794 n. 14 (not reaching the issue of excusable neglect "[b]ecause the bankruptcy court did not abuse its discretion" in denying creditor's Rule 60(b)(1) motion as untimely).

Copies to counsel of record and plaintiff *pro se*